**Michael Wesley FRIERSON–HARRIS, PH.D., also known as Michael Wesley Harris, Plaintiff–Appellant,**

v.

**PH.D. Joseph C. HOUGH, Jr., as President of Union Theological Seminary and individually, PH.D. Euan K. Cameron, as Academic Dean of Union Theological Seminary and individually, Andrew Squire, Eugene G. Eisner, David E. Frazer, Esq., John A. McGuckin, Janet Walton, L. Robert Batterman, as an individual and as a co conspirator, PH.D. David M. Carr, as an individual and as a conspirator, PH.D. Christopher L. Morse, as an individual and as a co conspirator, PH.D. Ann B. Ulanov, as an individual and as a co conspirator, Defendants–Appellees,**

**TH. D. Holland L. Hendrix, as President of Union Thelogical Seminary and individually, PH.D. Rosemary S. Keller, as Academic Dean and individually, The Trustees of Columbia University in the City, Mary E. MacNamara, as Vice President of Union Theological Seminary and individually, Union Theological Seminary, Board Executive Committee, Defendants.**

No. 08–0453–cv.

United States Court of Appeals, Second Circuit.

July 20, 2009.

Michael Wesley Frierson–Harris, New York, N.Y., pro se.

Howard Z. Robbins, Proskauer Rose LLP, James E. Carroll and C. Alexa Abowitz, Cetrulo & Capone, A. Michael Furman, Furman Kornfeld & Brennan LLP, Nathaniel K. Charney, Eisner & Mirer, P.C., New York, N.Y., for Appellees.

PRESENT: B.D. PARKER and RICHARD C. WESLEY, Circuit Judges, NICHOLAS TSOUCALAS,* Judge, Court of International Trade.

_____

* The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of Interna-

## AMENDED SUMMARY ORDER

Appellant Michael Wesley Frierson–Harris ("Harris"), *pro se*, appeals from the district court's judgment dismissing his complaint and amended complaints brought pursuant to, *inter alia*, 42 U.S.C. §§ 1981, 1983 & 1985. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We review a district court's order granting summary judgment *de novo*, and ask whether the court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

We have considered all of Harris's arguments on appeal and find them to be without merit. We affirm for substantially the same reasons as those stated by the district court in its thorough and well-reasoned opinions and orders.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**